UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES                             :    CASE NO. 1:06-cr-329
                                          :
          Prosecution,              :    JUDGE JAMES S. GWIN
                                          :
vs.                                       :    ORDER & OPINION
                                          :
ALEXANDER ABREU,                          :
                                          :
          Defendant.                :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      This case came before the Court for a competency hearing on September 21, 2007. The Court had held a previous competency hearing on March 28, 2007 and found Defendant incompetent. The Court ordered Abreu committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable period of time to determine whether he will attain the capacity to permit the trial to proceed.

      On April 23, 2007, Abreu became housed at the Federal Medical Center (FMC) in Butner, North Carolina. At that facility, he gave a history of being hit by a bus while riding his bicycle at age nine. He reported that after this accident, he developed learning disabilities not earlier present. He said he previously had good grades. He also reported possible boxing injuries during his adolescence. Near age 12, Abreu left Cuba, the country of his birth, and came to the United States. Since coming to the United States, Abreu had sporadic employment, mostly in construction and factory work.

      Regarding psychiatric treatment, Abreau Abreu had contact with a psychiatrist in childhood

-1-

Case No. 1:06-cr-329
Gwin, J.

after his bicycle accident with the bus. He gives no other details of past psychological or psychiatric medical treatment.

At Butner, Abreau initially reported an altered thought process, an inability to organize his speech, and was found repeating the same words over and over to interviewers. Mental health counselors at Butner placed Abreu in a locked programming unit with more structure. With this structure, Abreu become clearer and was moved to the general population open housing unit. There, his thought process was noted to be much clearer and he attended to his grooming and hygiene quite well. After this improvement, authorities placed Abreau in a competency restoration group for Spanish speaking inmates. At Butner, Abreu took no psychiatric medications during his stay, as supervising physicians found they as medicines were not clinically indicated.

Butner staff observed that Abreau generally adjusted well in the open population. He took his medications. He had no displays of physical aggression during his entire stay. He reflected a good understanding of the legal system, and he often helped translate difficult concepts to other inmates. In sessions with staff person who supervised his care, Abreau was pleasant and fully answered questions. He showed an understanding of the charges made against him and appreciated the seriousness of his alleged crime. He also understood the roles of different people in the courtroom, including the attorneys, judge, and appreciated the adversarial nature of the defense and prosecution. He understood the role he would play in his defense, and said he would readily assist his attorney in the defense process. He described a plea bargain and was able to apply the plea bargain concept to
his specific legal situation. He was able to attend to a one-one conversation for approximately 45 minutes without difficulty.

Case No. 1:06-cr-329
Gwin, J.

In testing, early results had validity problems, likely resulting from inadequate effort or feigning together with possible misunderstanding of English. In final testing, these validity problems were not present. Abreau's valid tests indicate some cognitive impairment and reflect some difficulties with visual scanning, mental processing, and attentional deficits, all consistent with his history of brain injury resulting from his bicycle-bus collision.

When administered the Evaluation of Competency to Stand Trial - Revised test (ECST-R), Abreu scored within the normal limits regarding effort, suggesting he was not likely feigning incompetency. In the test, Abreu demonstrated no impairment in his ability to understand general information related t:o the law and courtroom procedures. He understood the role of the judge, defense attorney, prosecutor, and jury. Although somewhat pessimistic about legal proceedings, Abreu was understood his right to testify, or to avoid testifying and understood plea bargains. Abreau recalled his attorney's name and indicated he shared a very good relationship with his attorney and believed his attorney he would put forth his best effort. Finally, Abreau seemed to fully understand the charge that is made against him, the defenses he could assert, and the penalty that he faced.

Abreu has a history of head trauma at an early age when he was struck by a bus. He suffers from a mild cognitive impairment with some difficulties processing information that are consistent with his history of brain injury. However, Abreu's cognitive impairments are mild and do not significantly impair his ability to make rational decisions about his current legal situation.

Regarding his competency, although Abreau has a cognitive disorder, this condition does not impair his ability to understand the charges made against him, court procedures, the roles of court participants, the pleas available to him, or the concept of the plea bargain.

Case No.1:06-cr-329
Gwin, J.

Therefore, the Court finds that Defendant Alexander Abreau is competent to stand trial.

IT IS SO ORDERED.


Dated: September 24, 2007				s/	*James S. Gwin*
						JAMES S. GWIN
						UNITED STATES DISTRICT JUDGE